IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Miguel Pizarro,                              Case No. 1:11 CV 594

                   Petitioner,                  MEMORANDUM OPINION
                                                                AND ORDER

        -vs-
                                                                   JUDGE JACK ZOUHARY

Rich Gansheimer,

                 Respondent.

**INTRODUCTION**

Before this Court is Respondent's Motion to Dismiss (Doc. 8). The Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, claims Miguel Pizarro was denied due process and effective assistance of counsel (Doc. 1). This matter was referred to the Magistrate Judge, whose Report and Recommendation ("R&R") recommended this Court grant the Motion to Dismiss because the time for filing the Petition expired and that time was not otherwise tolled (Doc. 21). The R&R also recommended this Court deny Petitioner's Motions for an evidentiary hearing and for the appointment of counsel (Docs. 13 & 14). For the following reasons, this Court affirms.

**BACKGROUND**

The R&R accurately summarizes the facts of this case and they need not be fully reiterated here. Briefly, after a fight in a public park in April 2007, Phillip Parish was shot several times and died (Doc. 21 at 2). Petitioner was indicted for aggravated murder with a firearm specification and obstructing justice. Petitioner later pled guilty to one count of involuntary manslaughter with a

firearm specification and one count of kidnaping. He was sentenced to twenty-three years in prison (Doc. 21 at 3).

Nearly two years later, in a post-conviction proceeding, Petitioner moved to withdraw his guilty plea to kidnaping, arguing actual innocence and that his attorney forced him to take the plea (Doc. 8 at 3). The trial court denied the motion, finding Petitioner's guilty plea to be valid. Petitioner's subsequent appeals to the Ohio appellate and supreme court were unsuccessful (Doc. 21 at 4). He then brought this Petition in federal court.

## ANALYSIS

The R&R recommends this Court grant the Motion to Dismiss because the Writ is time barred. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). This period is not absolute, but rather subject to statutory and equitable tolling.

### Statutory Tolling

The statute is tolled when post-conviction relief is pending in the state court. 28 U.S.C. § 2244(d)(2). State court post-conviction efforts do not restart the AEDPA clock, but rather pause it. *Turner v. Romanowski*, 409 Fed. App'x 922, 925 (6th Cir. 2011) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)). Petitioner's conviction became final in October 2007, giving him until October 2008 to file his Writ. Petitioner did not begin his state court post-conviction proceedings until June 2009, after the AEDPA statute of limitations had expired (Doc. 21 at 6–7). Thus, his post-conviction proceedings did not toll the time for filing this Petition, and it is untimely.

**Equitable Tolling**

Equitable tolling may be appropriate when a petitioner claims actual innocence "based on new reliable evidence." *Perkins v. McQuiggin*, 670 F.3d 665, 673 (6th Cir. 2012). Petitioner makes such a claim but, as the R&R points out, Petitioner has failed to present new evidence of his innocence (Doc. 21 at 7). Although Petitioner attaches myriad police reports and witness statements as proof of his claims, all were available at the time of his plea.

Equitable tolling may still apply outside of the actual innocence context. Historically, these claims were analyzed using a five-factor test. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). The R&R, applying the *Andrews* test, determines that Petitioner was not entitled to equitable tolling (Doc. 21 at 10). Petitioner objected (Doc. 22 at 5). The Sixth Circuit recently rejected the *Andrews* test and instead embraces a two-part test. *Patterson v. Lafler*, 455 Fed. App'x 606, 609 n.1 (6th Cir. 2012) (citing *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2562 (2010)). Under that test, equitable tolling is appropriate only when: (1) petitioner has diligently pursued his rights, and (2) some extraordinary circumstance prevented petitioner from timely filing. *Id.* at 609. Although the R&R applied the wrong test, it reached the right result.

Equitable tolling requires "reasonable diligence" not "maximum feasible diligence." *Holland* 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) and *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)). Still, a petitioner may not "sleep on his rights." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011). A lack of diligence includes the failure to meet deadlines, request notice of deadlines, or file a *pro se* petition immediately upon discovery that a deadline has passed. *Patterson*, 455 Fed. App'x at 610 (6th Cir. 2012). Petitioner's only evidence of diligence is his contact with the Public Defender's office and the Ohio Innocence Project in early

3

2008 (Doc. 1-1 at 10). Petitioner never directly appealed his sentence and did not challenge his guilty plea until June 2009 when he filed an untimely motion in state court to withdraw the plea (Doc. 8 at 5–6). Petitioner then waited until March 2011 to file this Writ, two-and-a-half years after the time for habeas review had passed. Petitioner clearly did not diligently pursue his rights.

Neither have extraordinary circumstances prevented Petitioner from filing a timely Writ. Some examples of extraordinary circumstances, not present here, are attorney incapacitation or abandonment. *See Patterson*, 455 Fed. App'x at 610 (6th Cir. 2012); *see also Lawrence v. Florida*, 549 U.S. 327, 336–37 (holding mere attorney negligence does not warrant equitable tolling "particularly in the postconviction context where prisoners have no constitutional right to counsel"). Indeed, the only alleged circumstance which could have prevented Petitioner from ascertaining his federal habeas deadline is his inability to speak English. However, the Sixth Circuit has held that language barriers alone are not a sufficient roadblock to warrant equitable tolling. *Hall*, 662 F.3d at 750–52 (citing *Inglesias v. Davis*, 2009 WL 87574 (6th Cir. 2009)).

Thus, Petitioner is not entitled to have his AEDPA statute of limitations tolled, equitably or by statute, and his Petition is denied as untimely. Further, his Petition would otherwise fail on the merits.

**Habeas Standard**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides

4

a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

Applying Section 2254(d)(1), this Court looks "to the last state-court decision on the merits," which, in this case, is the decision of Ohio appellate courts. *Garcia v. Andrews*, 488 F.3d 370, 374 (6th Cir. 2007). If the state court identified the proper legal principle from the Supreme Court and reasonably applied that principle to Petitioner's claim, then this Court may not grant the Petition -- even if the state court applied the legal standard incorrectly. *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

**Actual Innocense**

Petitioner claims he is actually innocent and argues the trial court erred in denying him an evidentiary hearing to withdraw his guilty plea. The appellate court found Petitioner was not entitled to an evidentiary hearing because he was unable to claim innocence, having already pled guilty. That court denied Petitioner's claim relying on *State v. Pugh*, 2009 WL 2625754, at *2 (Ohio Ct. App. 2009), which held trial courts have discretion over whether to grant withdrawal of a guilty plea and may take into consideration that Petitioner has admitted guilt. *See also* Ohio Criminal Rule 32.1. This result is consistent with federal law. *See United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir.1978). The denial of an evidentiary hearing is not contrary to clearly established federal law.

5

Petitioner next argues that his plea was not valid because his trial counsel was ineffective by failing to communicate important developments of the prosecution and investigate the case (Doc. 1-1 at 20–21). The Ohio appellate court denied this claim as well. The standard for ineffective assistance of counsel during a guilty plea is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). Under that standard, Petitioner must establish his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Petitioner must then show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. If it is probable that Petitioner would have been convicted of the same, or greater, charges at a trial, he cannot show ineffective assistance of counsel. *Id.* at 58–60.

Petitioner was facing charges of aggravated murder with firearms specifications and obstructing justice (Doc. 8-1 at 1). If convicted, Petitioner's sentence would have ranged from life imprisonment to the death penalty. Ohio Revised Code §§ 2903.01 and 2929.02. The plea bargain offered by the State reduced Petitioner's aggravated murder charge to involuntary manslaughter and kidnapping with an agreed sentence of twenty-three years (Doc. 8-1 at 9–10). On the advice of counsel, Petitioner accepted that deal. He now alleges he accepted the plea bargain only because his counsel was ineffective, yet offers no evidence that had he proceeded to trial he would have been acquitted or received a lessor sentence.

Petitioner's remaining Motions, regarding an evidentiary hearing and appointment of counsel, are denied (Docs. 13 & 14). No evidentiary hearing is required to determine the issues raised in this Petition and, further this Court finds that the interests of justice and due process do not require the appointment of counsel. *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994).

**CONCLUSION**

For the foregoing reasons, the Petition is denied and this action is dismissed. 28 U.S.C. § 2243. Further, under Section 1953(a)(3), this Court certifies an appeal could not be taken in good faith, and there is no basis on which to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 30, 2012